# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2024

Lyle W. Cayce
Clerk

No. 23-50606
Summary Calendar

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS GUILLERMO LEON-HERNANDEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CR-1835-1

---

Before DAVIS, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Carlos Guillermo Leon-Hernandez was convicted of conspiracy to transport aliens and the transportation of aliens. On appeal, Leon-Hernandez challenges the denial of his motion to suppress evidence obtained following his detention by border patrol agents. He argues that the district

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court erred in determining the moment he was seized and that agents lacked reasonable suspicion for the seizure.

Whether a person has been seized or detained under the Fourth Amendment is a factual finding that is reviewed for clear error. *United States v. Mask*, 330 F.3d 330, 334-35 (5th Cir. 2003). "Whether law enforcement has reasonable suspicion to conduct an investigatory stop is a legal conclusion that is reviewed de novo." *United States v. Alvarez*, 40 F.4th 339, 344 (5th Cir. 2022). We generally defer to factfinders who hear live testimony and uphold the district court's ruling if there is any reasonable view of the evidence supporting it. *See United States v. Wright*, 57 F.4th 524, 530 (5th Cir. 2023). In light of the evidence and all the circumstances surrounding the incident, we cannot say that the district court clearly erred in determining that Leon-Hernandez was seized when an agent demanded his car keys, as prior to that, there was not a sufficient show of authority to constitute detention. *See Wright*, 57 F.4th at 530-32.

Next, we consider whether the totality of the circumstances supports a reasonable suspicion of criminal activity justifying the seizure. *See Alvarez*, 40 F.4th at 345. We conclude there was no error, given the fictitious paper license plate on Leon-Hernandez's vehicle; an agent's knowledge, from his experience with the Border Patrol, that vehicles with alien smuggling loads often used fictitious paper license plates; the tip from a confidential source, whom the agent had known for 12 or 13 years, about unknown people coming and going at a specific address late at night; the agent's knowledge that the area where the residence was located had a large number of stash houses for alien smuggling schemes; and the observation of four people in the back seat of Leon-Hernandez's vehicle, which generally had capacity for only three.

AFFIRMED.